# IN THE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IAN O'GORMAN,

    Plaintiff,

Case No.:

v.

SOUTHEASTERN SURVEYING AND
MAPPING CORPORATION,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff IAN O'GORMAN, by and through his undersigned attorney, and files this Complaint and Demand for Jury Trial against SOUTHEASTERN SURVEYING AND MAPPING CORPORATION and in support thereof states the following:

## NATURE OF ACTION

1. This is an action against Defendant to recover damages stemming from Defendant's violation of the Family and Medical Leave Act ("FMLA"), 28 U.S.C. § 2601, *et seq.*

2. This is an action against Defendant to recover damages stemming from Defendant's violation of the Florida Whistleblower's Act, § 448.102, Fla. Stat.

## PARTIES, VENUE, AND JURISDICTION

3. Plaintiff is a resident of Jacksonville, Florida.

4. Defendant is Florida corporation doing business in Jacksonville, Florida.

5. At all times material to this Complaint, Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611(2).

6. At all times material to this Complaint, Defendant was an employer as defined by 29 U.S.C. § 2611(4).

7. The actions alleged in this Complaint took place in Jacksonville, Florida.

8. Jurisdiction of the Court is based upon 28 U.S.C. § 1331, which grants the district courts with original jurisdiction over civil actions arising under federal law.

9. Venue is therefore proper in this district pursuant to 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

10. Plaintiff began his employment with Defendant on August 21, 2017.

11. Plaintiff was promoted to the position of Business Development Director on March 15, 2021, and reported to Defendant's administrative headquarters in Orlando, Florida.

12. On October 21, 2021, Plaintiff informed Defendant of his need to take medical leave pursuant to the FMLA.

13. In response, Defendant acknowledged that Plaintiff was eligible for FMLA leave and requested additional information regarding his need for leave.

14. Plaintiff submitted the required information to Defendant and his FMLA leave was approved.

15. Plaintiff returned from his approved FMLA leave on November 30, 2021, and Defendant scheduled a meeting with Plaintiff on the day of his return.

16. At the November 30, 2021 meeting, Defendant informed Plaintiff that he would not be returning to his position as Defendant's Business Development Director. Instead, Defendant explained, Plaintiff would be returning as a Project Manager rather than a Business Development Director because he "went off the reservation" by taking medical leave.

17. The position of Project Manager is substantially different from the Business Development Director position Plaintiff held before his FMLA leave and represented a demotion in title, duties, and compensation.

18. On January 21, 2022, Plaintiff, through a letter by counsel objected to the change in his role and reduced compensation because Plaintiff took protected FMLA leave.

19. Enclosed in Plaintiff's January 21, 2022 letter objecting to Defendant's violations of the FMLA was a draft Complaint providing in detail Plaintiff's allegations of FMLA violations.

20. Defendant acknowledged receipt of Plaintiff's January 21, 2022 letter, which was sent by email and certified mail.

21. On February 18, 2022, Defendant terminated Plaintiff's employment immediately for purported performance deficiencies, reclaiming all company property from Plaintiff and escorting him from the premises.

## COUNT I – INTERFERENCE UNDER THE FAMILY AND MEDICAL LEAVE ACT

22. Plaintiff reincorporates and realleges the allegations contained in paragraphs 1 through 21 as fully as if restated herein.

23. Pursuant to 29 CFR § 825.214, Plaintiff had a right to be reinstated to the position of Business Development Director, "or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment" after returning from his protected FMLA leave.

24. In accordance with 29 CFR § 825.215, "[a]n equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority."

25. Defendant interfered with Plaintiff's rights under the FMLA, in violation of 29 U.S.C. § 2615(a) and 29 CFR § 825.220(a), when it failed to return Plaintiff to the same or equivalent position as he held before taking protected FMLA leave.

26. Furthermore, the FMLA's prohibition against interference "prohibits an employer from discriminating or retaliating against an employee or prospective

4

employee for having exercised or attempted to exercise FMLA rights." 29 CFR § 825.220(c).

27. Defendant interfered with Plaintiff's rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(1) and 29 CFR § 825.220(a) and (c) when it refused to provide Plaintiff his promised 2021 bonus.

28. Defendant interfered with Plaintiff's rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(1) and 29 CFR § 825.220(a) and (c) when it terminated Plaintiff following his return from his protected FMLA leave.

29. Defendant's actions constitute an interference with Plaintiff's right to reinstatement pursuant to the FMLA.

30. As a direct and proximate result of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff was separated from his employment with Defendant.

31. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered and will continue to suffer compensable damage, including loss of wages and other employment benefits, unless and until this Court grants relief.

WHEREFORE, Plaintiff asks this Court to: enter judgment against Defendant and for Plaintiff, enter an injunction restraining Defendant from further violating the FMLA, award Plaintiff his actual damages for his lost past and future wages and benefits, award Plaintiff liquidated damages equal to the sum of Plaintiff's actual lost compensation and benefits caused by Defendant's violations

of the law, award Plaintiff prejudgment interest on all monetary recovery obtained, award Plaintiff his attorney's fees and costs pursuant to 29 U.S.C. § 2617, and grant Plaintiff such other and further relief as may be equitable and just.

## COUNT II – RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

32. Plaintiff reincorporates and realleges the allegations contained in paragraphs 1 through 21 as fully as if restated herein.

33. Defendant retaliated against Plaintiff in violation of 29 U.S.C. § 2615(a)(2) and 29 CFR § 825.220(a) and (c) when it terminated Plaintiff following his return from his protected FMLA leave.

34. As a direct and proximate result of Defendant's retaliation against Plaintiff because he exercised his rights under the FMLA, Plaintiff was separated from his employment with Defendant.

35. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered and will continue to suffer compensable damage, including loss of wages and other employment benefits, unless and until this Court grants relief.

WHEREFORE, Plaintiff asks this Court to: enter judgment against Defendant and for Plaintiff, enter an injunction restraining Defendant from further violating the FMLA, award Plaintiff his actual damages for his lost past and future wages and benefits, award Plaintiff liquidated damages equal to the sum of Plaintiff's actual lost compensation, including his bonus, and benefits caused by

Defendant's violations of the law, award Plaintiff prejudgment interest on all monetary recovery obtained, award Plaintiff his attorney's fees and costs pursuant to 29 U.S.C. § 2617, and grant Plaintiff such other and further relief as may be equitable and just.

### COUNT III – RETALIATION UNDER FLORIDA'S WHISTLEBLOWER ACT

36. Plaintiff reincorporates and realleges the allegations contained in paragraphs 1 through 21 as fully as if restated herein.

37. Defendant violated 29 U.S.C. § 2615(a) and 29 CFR § 825.220(a) when it failed to return Plaintiff to the same or equivalent position as he held before taking protected FMLA leave and/or notified Plaintiff that his compensation would be reduced in his new position.

38. Plaintiff objected to Defendant's unlawful conduct through his counsel's January 2022 letter and draft complaint.

39. Because of Plaintiff's objection to Defendant's unlawful conduct, Defendant took retaliatory personnel action against him as defined by the Act, in that it reduced his compensation and discharged Plaintiff.

40. Defendant's termination of Plaintiff because of his complaint that Defendant violated relevant laws, rules, and regulations constitutes a violation of § 448.102, Fla. Stat.

41. As a result of Defendant's violations of the Florida Whistleblower Act, Plaintiff has suffered damages, including lost past and future wages, compensatory

damages including pain, suffering, and emotional distress, and pre- and post-judgment interest.

WHEREFORE, Plaintiff asks this Court to: enter judgment against Defendant and for Plaintiff, enter an injunction restraining Defendant from further violating the Florida Whistleblower Act, award Plaintiff his actual damages for his lost past and future wages and benefits, award Plaintiff compensatory damages, including pain, suffering, and emotional distress, and pre- and post-judgment interest, award Plaintiff his reasonable attorney's fees, court costs, and expenses pursuant to § 448.104, Fla. Stat., and grant Plaintiff such other and further relief as may be equitable and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in this action of all issues so triable.

Respectfully submitted this 11th day of March 2022.

**DELEGAL & POINDEXTER, P.A.**

*/s/ T.A. Delegal, III*
T.A. DELEGAL, III, B.C.S.
Fla. Bar No.: 892701
Email: tad@delegal.net
Secondary email: office@delegal.net
JAMES C. POINDEXTER
Fla. Bar No.: 0116039
Email: james@delegal.net
ALEXANDRA E. UNDERKOFLER
Fla. Bar No.: 1018209
Email: alex@delegal.net
424 E. Monroe Street
Jacksonville, Florida 32202

Telephone: (904) 633-5000
Facsimile: (904) 358-2850
**Counsel for Plaintiff**